**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN BOYCE, by and through his attorney in fact Emil Shakov, M.D.,<br><br>Plaintiff,<br><br>-against-<br><br>ANTHEM HEALTHCHOICE ASSURANCE, INC.,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff Steven Boyce, by his attorney in fact Emil Shakov, M.D. under a power of attorney ("Plaintiff"), by and through his attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Anthem HealthChoice Assurance, Inc. ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual who at all relevant times resided in the State of New Jersey.

2. On February 28, 2022, Plaintiff executed a valid power of attorney ("POA") delegating Emil Shakov, M.D. as his attorney in fact. (*See*, **Exhibit A**, attached hereto.)

3. Pursuant to the POA, Plaintiff granted Dr. Shakov the power to pursue, by any means necessary, the collection of monies, funds, and benefits which may be due from Plaintiff's insurance company for medical services provided by Dr. Shakov among other things. *Id*.

4. The POA was executed in the state of New Jersey, signed by two witnesses, and notarized, as required under New Jersey law and as appears on the POA document. *Id*.

5. At all relevant times, Plaintiff the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

6. Upon information and belief, Defendant is engaged in providing and/or administering health care plans and/or policies in the State of New Jersey.

7. Jurisdiction is proper in this Court pursuant to 28. U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to the assignor's employer and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1001 *et seq*. The administrative remedies have been exhausted.

**<u>FACTUAL BACKGROUND</u>**

8. Upon information and belief, Plaintiff underwent a colostomy in or around August 2023, prior to Dr. Shakov's involvement.

9. Subsequently, Plaintiff developed a "perforated sigmoid colon" and a serious infection.

10. This necessitated an extended inpatient stay at the Community Medical Center, a hospital located in Toms River, New Jersey, from September 9, 2020 to September 28, 2020 during which Dr. Shakov met with the patient many times and performed several procedures.

11. Dr. Shakov is a general surgeon who specializes in minimally invasive surgery (laproscopic surgery).

12. As an out-of-network provider, Dr. Shakov does not have a network contract with Defendant that would determine or limit payment for his treatment of Defendant's members.

13. Upon treating Plaintiff, Dr. Shakov submitted several Health Insurance Claim Form ("HCFA") medical bills to Defendant seeking payment for the various inpatient procedures he performed in the total amount of $89,946.60. (*See*, **Exhibit B**, attached hereto.)

14. In response, Defendant remitted payment in the total amount of $4,430.98. (*See*, **Exhibit C**, attached hereto.)

15. On September 28, 2020, Plaintiff was released from the hospital.

16. On or around October 13, 2020, Plaintiff returned to the emergency room of Community Medical Center where he was admitted for another extended inpatient stay from October 13, 2020 to October 26, 2020.

17. Dr. Shakov continued to perform multiple procedures on Plaintiff's "malfunction of colostomy" and infection with necrotic wound during this time.

18. Upon treating Plaintiff, Dr. Shakov again submitted several HCFA medical bills to Defendant seeking payment for the various inpatient procedures he performed in the total amount of $162,829.00. (*See*, **Exhibit D**, attached hereto.)

19. However, in response to Plaintiff's claim for $162,829.00, Defendant remitted payment in the total amount of $8,334.81.00. (*See*, **Exhibit E**, attached hereto.)

20. Under the terms of the Affordable Care Act, the so-called "greatest of three" rule applies for out-of-network emergency services for self-funded health plans.

21. Specifically, the carrier must allow claims at the greatest of: 1) the median in-network rate, 2) the median out-of-network rate, or 3) the Medicare rate.

22. Plaintiff submitted multiple appeal letters to Defendant seeking the unpaid balance.

23. In fact, counsel for both parties extensively engaged in discussions prior to the initiation of litigation.

24. However, Defendant continues to incorrectly maintain that the claims were processed appropriately, though Defendant has not presented any substantive explanation for the manner in which it processed the subject claims.

25. Thus, Plaintiff exhausted all administrative remedies to resolve this dispute.

26. Defendant failed to reimburse Dr. Shakov in accordance with the applicable insurance plan terms and thus, Plaintiff has been damaged in the amount of **$240,009.81**.

27. Accordingly, Plaintiff commences the within action to seek recovery of the outstanding balance and Defendant's breach of fiduciary duty.

**COUNT I**

**FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C § 1132(a)(1)(B)**

28. Plaintiff repeats, realleges, and reaffirms each of the preceding allegations contained in paragraphs 1 through 29 of this Complaint with the same force and effect as though fully set forth herein.

29. Plaintiff avers this Count as to the extent ERISA governs this dispute.

30. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

31. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

32. Defendant breached the Agreement by failing to pay Dr. Shakov the amount due and owing thereunder.

33. As a result, Dr. Shakov has been damaged in the amount of **$240,009.81** representing the balance due under the terms of the insurance plan.

## CLAIM OF RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

1. For an Order directing Defendant to pay Plaintiff **$240,009.81**;
2. For an Order directing Defendant to pay Plaintiff all benefits he would be entitled to under the insurance plan or policy administered by Defendant;
3. For compensatory damages and interest;
4. For attorney's fees and costs of suit; and
5. For such other and further relief as the Court may deem just and equitable.

Dated: October 16, 2026
Fair Lawn, New Jersey

GOTTLIEB AND GREENSPAN, LLC
*Attorneys for Plaintiff*

By: /s/ Joseph G. Devine, Jr.
Joseph G. Devine, Jr.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0894